IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>**DAESHAUN JARED ICKLE COBRETTI SMALL,**<br><br>**Defendant.** | Case No. 25-CR-175-JFH |

**OPINION AND ORDER**

Before the Court is an appeal filed by Plaintiff the United States of America (the "Government"), challenging the decision by Magistrate Judge D. Edward Snow denying the Government's request to file an indictment with the victim's name redacted for the public record. Dkt. No. 21. For the reasons set forth, the Government's appeal is DENIED.

**BACKGROUND**

On September 10, 2025, Defendant was charged by indictment with involuntary manslaughter, in violation of 18 U.S.C. §§ 1112, 1115, & 1153. Dkt. No. 3. Two versions of the indictment were filed under seal: (1) the original indictment, which identified the victim by initials and included the Grand Jury Foreperson's signature [Dkt. No. 3]; and (2) a second version of the indictment with the Grand Jury Foreperson's signature redacted [Dkt. No. 2] (the "redacted version"). On September 15, 2025, the Government filed a motion requesting that the case be unsealed, and that the redacted version of the indictment be replaced with a third version of the indictment in which both the victim's initials and the Grand Jury Foreperson's signature are redacted. Dkt. No. 6. Magistrate Judge Snow denied the motion by minute order [Dkt. No. 7] but allowed the Government to make argument at the arraignment hearing [Dkt. No. 28 at 3-8]. Ultimately, Magistrate Juge Snow affirmed his original decision, denied the Government's request

to file a third redacted version of the indictment, and denied the Government's motion to stay the decision pending appeal. *Id.* at 8-12. The Government's appeal of Magistrate Judge Snow's decision was filed September 18, 2025. Dkt. No. 21. The Government filed a brief in support of its appeal on September 19, 2025. Dkt. No. 22.

## DISCUSSION

Under Federal Rule of Criminal Procedure 59(a), a magistrate judge may make final determinations on matters that do not dispose of a charge or defense. Fed. R. Cr. P. 59(a). The magistrate judge must "enter on the record an oral or written order stating the determination," and any party may object within 14 days. *Id.* The district judge must consider timely objections and modify or set aside any part of the magistrate judge's order that is "contrary to law or clearly erroneous." *Id.*

In this case, the Government argues that: (1) redacting victims' names and initials from a public facing indictment is essential to protecting the victims' "right to be treated with fairness and with respect for the victim's dignity and privacy" in keeping with the Crime Victims' Rights Act 18 U.S.C. § 3771 [Dkt No. 22 at 2]; (2) under the Attorney General Guidelines for Victim and Witness Assistance, even indirect references to victims' personal information should be avoided unless necessary [*Id.*]; (3) the current practice of identifying victims by initials only is no longer sufficient to protect their identities due to the proliferation of the internet [*Id.* at 2-3]; (4) this is especially true in the Eastern District of Oklahoma which "consists of 26 counties, many of which are made up of rural communities with small populations," where it may be particularly easy to identify victims from their initials [*Id.* at 3]; and (5) redacting victims' initials from public facing documents only, provides sufficient privacy protections for victims and does not impact defendants' constitutional rights [*Id.* at 3, 9].

While the Government is correct that including a victim's initials in a version of the indictment accessible to the defendant but redacting the initials on a separate public facing document may resolve concerns regarding the constitutional sufficiency of the indictment, that is not the only consideration. "Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. at 589, 597 (1978)). "This right, however, is not absolute. The presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* (internal quotation marks and citation omitted). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id.*

Here, the Government asserts that shielding the deceased victim's identity "to protect the surviving family and the deceased's dignity and privacy heavily outweigh the public interest in accessing his or her true identity." Dkt. No. 22 at 8. However, it is not clear what, if any specific privacy concerns are implicated. The Government has not demonstrated or even argued that the subject matter of the case is particularly sensitive or that allowing the deceased victim's initials to remain in the record somehow creates a risk of embarrassment, harassment, or exposure of the surviving family's sensitive details.

The Government cites *United States v. Johnson*, 125 F.4th 1352, 1360 (10th Cir. 2025), suggesting that redacting the victim's initials from the indictment will protect private information such as death and funeral details [Dkt. No. 22 at 8]. However, *Johnson* does not support this proposition. In *Johnson*, the court addressed whether a portion of the record on appeal should remain sealed. *Johnson*, 125 F.4th at 1360. Although the court held that private details such as the victim's date of death, cemetery, and funeral home were "not of public concern," and should

be redacted, it rejected a request that the victim's identity be redacted, because the parties failed to show a countervailing interest to justify their request. *Johnson*, 125 F.4th at 1360-61. Similarly, here the Court concludes that the Government has not met its burden to rebut the presumption in favor of judicial transparency.

Further, as the Court recently noted, the Government's proposed procedure, which requires filing three versions of the indictment—(1) the original unredacted version; (2) a version accessible to the defendant which has the Grand Jury Foreperson's signature redacted, but includes the victim's initials; and (3) a second redacted version for the public record in which both the Grand Jury Foreperson's signature and the victim's initials—is unwieldy, "contrary to the interests of judicial economy, and is likely to burden the court system and create additional opportunities for confusion and error." *See United States v. Byrd*, No. 25-CR-115-JFH, 2025 WL 2589005, at *2 (E.D. Okla. Sept. 8, 2025). To the extent that the Government argues that shielding victims' identities is warranted in cases involving minor victims and/or victims of sex crimes such as sex trafficking, the Court notes that the privacy concerns present in such cases are not present here. The cases cited by the Government are inapposite. Nonetheless, the Court will evaluate requests for victims' privacy protection on a case-by-case basis and will consider such relief where a proper showing is made.

## CONCLUSION

For the forgoing reasons, the Court finds that Magistrate Judge Snow's decision denying the Government's request to file an indictment with the victim's name redacted for the public record was not clearly erroneous or contrary to law and is affirmed. *See* Fed. R. Cr. P. 59(a).

IT IS THEREFORE ORDERED that the Government's appeal from Magistrate Judge Snow's decision [Dkt. No. 21] is DENIED.

Dated this 24th day of September 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

5